IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELMER A. HIMES,
    Plaintiff,

vs.                                        Case No.: 5:06cv69/SPM/EMT

CORRECTIONS CORP. OF AMERICA,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon referral from the clerk. Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). On May 9, 2006, this court entered an order (Doc. 6) giving Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff failed to respond to the order, therefore, on June 12, 2006, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 10).[1] The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

    Accordingly, it is respectfully **RECOMMENDED**:

    That this case be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with an order of the court.

    At Pensacola, Florida, this 30th day of June 2006.

---

[1] The docket reflects that copies of the order to amend and the show cause order were mailed to Plaintiff at the Bay County Jail, Plaintiff's address of record. Both documents were returned to the court by the United States Postal Service marked "Not Deliverable as Addressed - Unable to Forward" due to the Jail's marking "Not Here" next to Plaintiff's name on the envelopes (*see* Docs. 8, 11). Plaintiff has not notified the court of a change of address.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988).**